KARSTEN *v.* LA HUIS.

1. APPEAL AND ERROR—TIME OF FILING OBJECTIONS TO FINDINGS.
   Where neither parties nor counsel were in court when findings of fact, conclusions of law, and judgment were entered, and record does not show that notice was given as required by 3 Comp. Laws 1929, § 14265, Supreme Court is unable to say that exceptions to findings filed seven days later were not filed seasonably (former Circuit Court Rule No. 45).

2. CONTRACTS—PROMISE TO PAY.
   In action for money paid to defendant to buy stocks on margin for plaintiff, where defendant paid all of money to broker and evidence fails to show promise, express or implied, on part of defendant to pay, finding of court in favor of plaintiff is not sustained.

3. APPEAL AND ERROR—RECORD.
   On appeal, Supreme Court is confined to record.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 9, 1931. (Docket No. 78, Calendar No. 35,631.) Decided January 4, 1932.

Assumpsit by Leonard Karsten, individually and as assignee, against Chester J. La Huis for money paid to purchase certain stocks. Judgment for plaintiff. Defendant appeals. Reversed.

*Jarrett N. Clark,* for plaintiff.

*Corwin, Norcross & Cook,* for defendant.

CLARK, C. J. Defendant has appealed from a judgment against him in a cause tried without a jury.

The trial was on October 1, 1930. The findings of fact and conclusions of law were filed and judgment was entered on October 11, 1930. Defendant's exceptions to the findings were not filed until October 18, 1930. Former Circuit Court Rule No. 45 required exceptions to be filed within four days.

Appellee contends, with citation of decisions under former statute and rules, that the exceptions came too late, and may not be considered.

It seems conceded that neither parties nor counsel were in court when the decision was made and findings filed. The record does not show notice was given as required by section 14, chap. 18, Act No. 276, Pub. Acts 1929 (amending 3 Comp. Laws 1915, § 12586; 3 Comp. Laws 1929, § 14265. We therefore cannot hold that exceptions were not filed seasonably.

A decisive question is that there is no promise to pay, express, or implied.

Plaintiff and his nephew Russell were in business in Zeeland. Defendant also resided there. They were friends of a lifetime, and were frequently together. Defendant was on his own account having marginal transactions in certain stock through a broker, L. Van Heest, trading as L. Van Heest & Co., in Grand Rapids, and he had put up a sum of money on his marginal account and had made considerable gain. He told this to the Karstens. They decided to try it. They put up $1,400. Defendant paid all of it to Van Heest, and had marginal accounts opened in the names of the Karstens. Van Heest dealt with other brokers carrying his marginal account. He responded to calls of his brokers in large amount, but the last and larger call he was unable to meet, and he was closed out.

The Karstens recognized Van Heest as their debtor, and accepted his notes for the amounts due them.

Later there was a plan, evidently that creditors of Van Heest might be saved loss, by which a corporation was formed in which each of the creditors took stock in the amount of 10 per cent. of their respective claims. The Karstens subscribed as creditors of Van Heest, took the stock, paid for it, and in their subscriptions stated "the amount of my claim against L. Van Heest," which is the claim here sued upon; Russell Karsten having assigned to plaintiff. Defendant's testimony, corroborated by Van Heest, is that he incurred no obligation to the Karstens. The testimony of the Karstens tends somewhat, within the narrow limits made by documentary evidence, to show a promise on the part of defendant. The clear weight of the evidence is that there is no promise, express or implied, on the part of defendant to pay plaintiff the amount claimed. The finding of the trial court to the contrary is not sustained.

The brief of appellee and the opinion of the trial judge refer to and discuss matter not in this record but seemingly growing out of other litigation not before us. We, of course, are confined to the record here.

Reversed, without new trial. Costs to appellant.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.