### WYNGARDEN *v.* LA HUIS.

#### SAME *v.* SAME.

These cases are controlled by *Karsten* v. *La Huis,* 256 Mich. 524.

Appeal from Ottawa; Miles (Fred T.), J. Submitted January 15, 1932.  (Docket No. 163, Calendar No. 35,629.)  Decided April 4, 1932.

Separate actions of assumpsit by Gerritt and Douwe Wyngarden against Chester J. La Huis to recover money lost in purchase of certain stocks on margin. Judgments for plaintiffs. Defendant appeals. Reversed.

*John R. Dethmers,* for plaintiffs.

*Corwin, Norcross & Cook,* for defendant.

Potter, J. This record involves cases instituted by the plaintiffs individually against defendant. Upon trial it was stipulated the testimony should be taken in the case of Gerritt D. Wyngarden, plaintiff, against defendant, La Huis, only. It was agreed in open court the testimony in this case would be the same as in the case of Douwe M. Wyngarden, plaintiff, against defendant, La Huis, except the amount of the claim in the latter case was $6,000, with interest at five per cent. Judgment in the case of Gerritt D. Wyngarden was entered for $11,493.90, and in the case of Douwe M. Wyngarden for $8,669.35; both judgments bear date October 11, 1930. We consider the case of Gerritt D. Wyngarden, plaintiff.

Defendant was, in 1923, speculating on the stock market with Lambertus Van Heest, doing business under the assumed name of Van Heest & Company, in Grand Rapids. Defendant represented to plaintiff United Light & Railway Company stock was a good buy, would make plaintiff money, its purchase was a sure shot; that Van Heest was wealthy, acquainted with other brokers, got all the inside tips, the purchase of United Light & Railway Company stock was a good bet. Plaintiff, without reflecting that if these representations were true he would

not have an opportunity to buy, advanced $8,000 to defendant and took therefor a receipt as follows:

"April 28, 1923.

"Mr. GERRITT D. WYNGARDEN,
    "Zeeland, Michigan.
"Dear Sir:
    "Received from Mr. Gerritt D. Wyngarden of Zeeland, Michigan, eight thousand dollars ($8,000) toward purchase of two hundred (200) shares United Light & Railway 6 per cent. preferred stock, according to enclosed confirmation of purchase.

    "It is understood and agreed that undersigned protects purchaser against any loss and will receive one-fourth of the profits from sale of above-mentioned stock as reimbursement for this guarantee.

"Very truly yours,
            "VAN HEEST AND COMPANY,
            "L. VAN HEEST
            "C. J. LA HUIS.

"LVH/M"

The stock was purchased on margin by Van Heest, who lost money; the stock declined below purchase price; Van Heest's margin was absorbed; Van Heest sold out. Plaintiff's money was thus lost. Van Heest, though short of money, was profuse in promises. He gave plaintiff four several promissory notes of $1,000, $1,000, $3,000 and $3,000 each, all dated January 1, 1924, due in 90 days, four months, six months, and one year, after date, respectively, with interest at 7 per cent. per annum. These notes all contained a clause, "And not to be discounted." The notes were not paid. Van Heest conceived the idea that if those whose money he had lost would create a corporation and take stock therein for what he owed them, and thus again start him in business, he could repay the losses of those

who had trusted him. The Michigan Bond & Investment Company was organized. Plaintiff represented his claim against Van Heest as a creditor to be $8,300, and took stock in the Michigan Bond & Investment Company, a corporation, therefor as follows: 83 shares of no par stock and 83 shares of preferred stock. A prospectus to which plaintiff's name was attached was issued. The Michigan Bond & Investment Company was but a capitalization of Van Heest's liabilities. 'It could not and did not pay plaintiff, who, after all this, sued La Huis for a conversion of the stock of the United Light & Railway Company which was to be purchased and in assumpsit. From a judgment for plaintiff, defendant appeals.

This case is ruled by *Karsten* v. *La Huis*, 256 Mich. 524. Reversed without new trial, costs to appellant. The judgment in *Douwe M. Wyngarden* v. *La Huis* will take the same course.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.